City of Lexington v. Summit Communications, Inc.

CITY OF LEXINGTON AND THE LEXINGTON UTILITIES COMMISSION v. SUMMIT COMMUNICATIONS, INC.

No. 8422SC737

(Filed 6 August 1985)

**Municipal Corporations § 23— ordinance taxing cable revenues—HBO not included**

Revenues received by defendant from HBO satellite service were not subject to a franchise tax under an ordinance which taxed compensation received for use of an improved television reception service where HBO satellite service was not available when the franchise was granted, does not originate from a television station, and cannot be received through a television except through a cable system. The words "improved television reception service" do not include a signal that does not originate from a television station and cannot be received on a television set that is not connected to a CATV cable. G.S. 160A-319.

APPEAL by defendant from *Helms, Judge*. Judgment entered 10 April 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 7 March 1985.

The dispute in this case arose from a cable franchise agreement between the plaintiffs and the defendant. The plaintiffs alleged that the defendant had breached the agreement and asked for money damages and injunctive relief.

The case was tried before the court without a jury. The evidence showed that in 1972 the City of Lexington granted to Triangle Broadcasting Corporation a franchise to operate a cable television system within the City. Triangle Broadcasting Corporation later changed its name to Summit Communications, Inc. The City ordinance under which the franchise was granted and which was made a part of the franchise agreement imposes a franchise tax on the "gross subscriber revenues" of the defendant. The ordinance says: "Gross subscriber revenues shall mean any and all compensation received by a grantee from subscribers or users in payment for the community antenna television service received within the city." The ordinance also says: "Community antenna television service or CATV service shall mean the business of providing an improved television reception service to the public for compensation, by means of a master antenna and cables."

The defendant offers three tiers of service to its customers. The third tier is an HBO satellite service. The satellite service

does not originate from a television station but is beamed from a location in New Jersey to an extraterrestrial satellite and transmitted from the satellite to cable systems in this country including the defendant, which send it by cable into the homes of customers. It cannot be received on a television set except through a cable system. It was not available in 1972 when the franchise was granted. The defendant paid the franchise tax based on gross receipts for the first two tiers of services but refused to pay the tax based on the HBO satellite service.

The court found facts based on the evidence. It refused any injunctive relief but entered a judgment for the plaintiffs for a tax based on the HBO satellite service. The defendant appealed.

*Smith and Penry, by Robert B. Smith, Jr., for plaintiff appellees.*

*Tharrington, Smith & Hargrove, by Wade H. Hargrove and Randall M. Roden, and Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr., for defendant appellant.*

WEBB, Judge.

The City of Lexington has adopted an ordinance, a part of which was written into a contract with the defendant. The resolution of this case depends on the interpretation of that part of that ordinance. The ordinance imposes a tax on the cable system's annual "gross subscriber revenues" which is defined as "any and all compensation received by a grantee from subscribers or users in payment for the community antenna television service." "Community antenna television service" is defined as "the business of providing an improved television reception service to the public for compensation, by means of a master antenna and cables." The question posed by this appeal is whether the third tier of service offered by the defendant which is the HBO satellite service is an "improved television reception service."

The HBO satellite service was not available when the franchise to the defendant was granted. The question is whether the ordinance written into the franchise covers this service. We believe, based on the plain words of the ordinance, that it does not. We do not believe the words "improved television reception service" include a signal that does not originate from a television sta-

tion and cannot be received on a television set that is not connected to a CATV cable. We hold it was error to enter a judgment against the defendant based on revenues it received for the HBO satellite service.

The plaintiffs argue that in another section of the ordinance a community antenna television system is defined as any facility which in part amplifies television station signals. They say this shows that whatever type signal the defendant receives by HBO satellite the defendant is operating a community antenna system. Whatever type system the defendant is operating, the franchise tax is based on the community antenna television service and the ordinance does not include within this the HBO satellite service. The plaintiffs also argue that G.S. 160A-319, which governs the City's right to grant the franchise, includes the HBO satellite. If the statute gives the City the right to include the gross receipts from the HBO satellite service in the franchise tax, the City did not do so.

The plaintiffs also argue that if the furnishing of the HBO satellite service is not a part of the CATV system the defendant has exceeded its franchise right and is illegally offering this service. This question has not been presented in this case and we do not pass on it.

For the reasons stated in this opinion, we reverse and remand.

Reversed and remanded.

Judges PHILLIPS and MARTIN concur.